UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULISES VALDIOSERA GODINEZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; RODNEY S. SCOTT, Commissioner, United States Customs and Border Protection; GREGORY J. ARCHAMBEAULT, in his official capacity as Acting Field Office Director for San Diego, U.S. Immigration and Customs Enforcement; DOUG GLEN, Special Agent in Charge for San Diego, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; JEREMY CASEY, in his official capacity as Warden of Imperial Regional Detention Facility,<br><br>Respondents. | Case No.:  26-cv-4090-GPC-SBC<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

On July 16, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1. For the reasons outlined below, the Court GRANTS the

1

petition in part and orders Respondents to provide Petitioner with an individualized bond hearing within ten (10) days of this order.

## BACKGROUND

Petitioner is a citizen of Mexico who has resided in the United States since 2005. ECF No. 1, at 2. Petitioner is married to a United States citizen and has three children who are also United States citizens. *Id.* Petitioner owns a tire service business in Coachella, California. *Id.* In September 2025, Petitioner was arrested and charged with receiving stolen property. *Id.*; ECF No. 6-1, at 16.

Respondents arrested Petitioner on May 14, 2026, and placed him in immigration custody. ECF No. 1, at 3. He has not received a bond hearing. *Id.*

Petitioner argues that Petitioner has filed this petition seeking his immediate release or, alternatively, a constitutionally adequate bond hearing.[1] *Id.* at 2, 5.

## DISCUSSION

Petitioner argues that Respondents are unlawfully detaining him without bond pursuant to 8 U.S.C. § 1225(b)(2) when his detention is governed by 8 U.S.C. § 1226(a). ECF No. 1, at 9. Respondents counter that Petitioner is lawfully detained under the Laken Riley Act or § 1226(c)(1).

### I.   Petitioner Is Not Subject to Mandatory Detention Under § 1226(c)

Section 1226(c)(1)(E)—also known as the Laken Riley Act—requires detention of an inadmissible noncitizen who is "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E). The statute specifies that the enumerated crimes shall "have the meanings given such terms in the jurisdiction in which the acts occurred." *Id.* § 1226(c)(2).

---

[1] In Petitioner's traverse, he appears to seek only an individualized bond hearing. ECF No. 7, at 23.

Respondents argue that Petitioner is subject to mandatory detention under § 1226(c) because he was "arrested and charged with Receiving Stolen Property under California Penal Code § 496(A)." ECF No. 6, at 4. However, the Court finds that the crime of receiving stolen property does not "constitute the essential elements" of any of the crimes outlined by § 1226(c).

Under California Penal Code § 496(a), "the elements of receiving stolen property are (1) stolen property; (2) knowledge that the property was stolen; and (3) possession of the stolen property." *People v. King*, 81 Cal. App. 4th 472, 476 (2000).

California courts have distinguished the differences between the offenses of receiving stolen property and theft:

> First, we have defined theft as a "taking with intent to steal the property — that is, the intent to permanently deprive the owner of its possession." The elements of receipt of stolen property, in contrast, do not require the defendant to have engaged in any such taking.

*People v. Orozco*, 9 Cal. 5th 111, 121–22 (2020) (quoting *People v. Page*, 3 Cal. 5th 1175, 1182 (2017)). Similarly, theft by larceny—which California has consolidated within the single crime of "theft"—requires the "felonious stealing, taking, carrying, leading, or driving away of the personal property of another." *People v. Williams*, 57 Cal. 4th 776, 781-82 (2013) (citing Cal. Penal Code § 484(a)).

California law defines shoplifting as "entering a commercial establishment with intent to commit larceny." Cal Penal Code § 459.5(a). As to burglary, the California statute applies to a person who "enters any house, room, apartment with intent to commit grand or petit larceny or any felony." *People v. Gauze*, 15 Cal. 3d 709, 711-12 (1975) (quoting Cal. Penal Code § 459).

In sum, both theft and larceny require a "taking," while shoplifting and burglary require an "entering" as well as an intent element. Neither taking nor entering are an element of receiving stolen property.

3

26-cv-4090-GPC-SBC

Accordingly, when Petitioner was arrested for and charged with receiving stolen property under California Penal Code § 496(a), he was not charged with a crime that "constitute[d] the essential elements" of "burglary, theft, larceny, [or] shoplifting." 8 U.S.C. § 1226(c)(1)(E). The charge also clearly did not involve assault of a law enforcement officer or result in death or serious bodily injury to another person. Thus, Petitioner's arrest and charge for receiving stolen property does not subject him to mandatory detention under the Laken Riley Act.

## II.  Petitioner's Detention Is Governed By § 1226(a)

Having determined that Petitioner is not subject to mandatory detention under §1226(a), the Court must determine what statute does govern his detention. Notably, Respondents do not argue that Petitioner's detention is governed by § 1225(b)(2).

Upon review of the facts, the Court finds that Petitioner—who was arrested in the interior of the United States and who has resided in the Untied States for more than twenty years—is detained under § 1226(a), which provides the "general process" for arresting and detaining noncitizens in the United States who are eligible for removal. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). *See also Esquivel Pacheco v. LaRose*, 818 F. Supp. 3d 1168, 1176–78 (S.D. Cal. 2026) (comparing detention under § 1225(b)(2) and § 1226(a)); *Lagarda-Vega v. Noem*, No. 3:25-CV-02970-GPC-DDL, 2025 WL 3558931, at *3–*7 (S.D. Cal. Dec. 11, 2025) (same). Thus, Petitioner is entitled to a bond hearing. *See Rodriguez Diaz*, 53 F.4th at 1196 ("Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

To the extent Petitioner requests immediate release, such a request is premature. Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct Respondents' ongoing violation of the Immigration and Nationality Act as to Petitioner. *See* 8 U.S.C. § 1226(a); *Garcia v. Noem*, 803 F. Supp. 3d

1064, 1078 (S.D. Cal. 2025) (finding a bond hearing, rather than release, to be the appropriate remedy where Petitioner was wrongfully subjected to mandatory detention without a hearing under 8 U.S.C. § 1225(b)(2) when he was entitled to a bond hearing under § 1226(a)); *Esquivel-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1082 (S.D. Cal. 2025) (same). If Respondents fail to comply with this order, Petitioner may seek further relief from the Court at that time.

**CONCLUSION**

It is hereby ORDERED that:

1. The Petition for Writ of Habeas Corpus is GRANTED in part.

2. Respondents SHALL provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within ten (10) days of the date of this order. At such hearing:

   a. Petitioner will bear the burden of demonstrating by a preponderance of the evidence that he is not a flight risk or danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

   b. The immigration judge SHALL NOT deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

   c. The immigration judge SHALL NOT deny Petitioner bond on the basis that 8 U.S.C. § 1226(c)(1)(E) requires mandatory detention.

   d. The immigration judge SHALL weigh the factors outlined in *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). *See Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024).

   e. The immigration judge SHALL consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

   f. Respondents SHALL make a complete record of the bond hearing available to Petitioner and his counsel.

26-cv-4090-GPC-SBC

3. Respondents SHALL file a Notice of Compliance within seven (7) days of the hearing confirming that Petitioner was provided with a bond hearing and stating whether Petitioner was released on bond;

4. Respondents SHALL NOT transfer Petitioner from this district pending his bond hearing;

5. The Court VACATES the hearing previously set for July 31, 2026, and denies Petitioner's motion for remote appearance as moot. ECF No. 8.

6. The Clerk of Court SHALL enter judgment in Petitioner's favor and close this case.

IT IS SO ORDERED.

Dated:  July 27, 2026

Hon. Gonzalo P. Curiel
United States District Judge

6

26-cv-4090-GPC-SBC